UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GEORGE JUNIOR GREEN, #1018973,

        Petitioner,

v.                                                  ACTION NO. 2:13cv91

HAROLD W. CLARKE,
Director of the Virginia Department
of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner George Junior Green ("Green") is in state custody pursuant to convictions in the Circuit Court for the City of Petersburg on June 16, 1998, of conspiracy, four counts of robbery, and four counts of use of a firearm. *Commonwealth v. Green*, Nos. CR98-004, CR98-005, CR98-0010 through 016 (Va. Cir. Ct. June 16, 1998). Green was also convicted that day of felony murder and use of a firearm during the commission of murder, although those convictions were later overturned pursuant to a writ of habeas corpus. *See Green v. Young*, 571 S.E.2d 125 (Va. 2002). On October 13, 1998, he was sentenced to a term of 65 years imprisonment, allocated as follows: (a) felony murder (25 years); (b) use of firearm in the commission of murder (3 years);

(c) conspiracy to commit robbery (5 years); (d) robbery (4 counts x 5 years = 20 years); (e) use of firearm in the robberies (4 counts x 3 years = 12 years). *Commonwealth v. Green*, Nos. CR98-004, CR98-005, CR98-008 through 016 (Va. Cir. Ct. Oct. 13, 1998).

Green's direct appeal to the Court of Appeals of Virginia was denied initially on August 6, 1999, and by a three judge panel on November 8, 1999. *Green v. Commonwealth of Va.*, Record No. 0976-99-2 (Va. Ct. App. Aug. 6, 1999 and Nov. 8, 1999). The Supreme Court of Virginia refused Green's petition for appeal on March 28, 2000. *Green v. Commonwealth of Va.*, Record No. 992775 (Va. Mar. 28, 2000).

Green filed a timely petition for writ of habeas corpus with the Circuit Court for the City of Petersburg, which was dismissed on July 31, 2001. *Green v. Young*, No. CL00000199-00 (Va. Cir. Ct. July 31, 2001). On November 1, 2002, Green's petition for appeal to the Supreme Court of Virginia was granted. *Green v. Young*, 571 S.E.2d 135 (2002). Green's convictions for felony murder, and use of a firearm in commission of that felony, were set aside, and the case was remanded for a new trial on these charges. *Id.* at 140-41.[1] The Commonwealth elected not to retry Green on the charges, and the Department of Corrections recalculated Green's sentence by subtracting twenty-eight years, the sentence imposed for the two convictions that were vacated.

Green petitioned for writ of habeas corpus in this court challenging the convictions not vacated by the Supreme Court of Virginia, and the petition was denied and dismissed on December 10, 2003. *Green v. Johnson*, No. 2:03cv104 (E.D. Va. Dec. 10, 2003).

Green filed a petition for writ of mandamus in the Supreme Court of Virginia, in part seeking a new sentencing hearing, which was dismissed on September 14, 2007. *In re Green*,

---

[1] While Green's habeas appeal to the Supreme Court of Virginia was pending, he filed a habeas petition in this court on July 9, 2002, which was dismissed without prejudice due to Green's failure to exhaust state remedies. *Green v. Angelone*, No. 2:02cv566 (E.D. Va. Oct. 22, 2002)

Record No. 071761 (Va. Sept. 14, 2007). Green also filed a petition for writ of mandamus in this court requesting that the original trial judge be ordered to re-sentence him, which was dismissed for lack of jurisdiction on November 13, 2007. *Green v. D'Alton*, No. 2:07cv49 (E.D. Va. Nov. 13, 2007).

Green filed a second petition for writ of habeas corpus with the Circuit Court for the City of Petersburg, asserting he was entitled to a new sentencing hearing following the vacation of his felony murder conviction by the Supreme Court of Virginia in 2002. The circuit court dismissed the petition as untimely and successive. *Green v. Watson*, No. CL07000899-00 (Va. Cir. Ct. March 7, 2008). Green's petition for appeal to the Supreme Court of Virginia was refused on September 18, 2008. *Green v. Watson*, No. 080670 (Va. Sept. 18, 2008).

On October 12, 2008, Green filed a petition for writ of habeas corpus in this court, which was granted in part on July 21, 2009, and the court ordered Petersburg Circuit Court to conduct a resentencing within 120 days of the court's order. *Green v. Johnson*, No. 2:08cv506 (E.D. Va. July 21, 2009).

On November 16, 2009, the Circuit Court for the City of Petersburg, without a jury, an evidentiary hearing, or a pre-sentence report, resentenced Green on his robbery, firearm and conspiracy convictions by imposing the thirty-seven year sentence recommended by the 1998 jury on Green's remaining convictions. [2] *Comm. of Va. v. Green*, CR98-004, CR98-005, CR98-0010-16 (Va. Cir. Ct. Nov. 16, 2009). On February 3, 2010, Green filed a petition for a writ of habeas corpus in the Supreme Court of Virginia alleging ineffective assistance of counsel and due process violations. Respondent acknowledged that the November 16, 2009 resentencing

---

[2] Green filed several motions in this court claiming the circuit court violated this court's order; however, as there was a resentencing in circuit court, this court had no jurisdiction over the matter. *Green v. Johnson*, No. 2:08cv506 (E.D. Va. Jan. 19, 2010).

3

did not comply with Virginia Code § 19.2-295.1 and this Court's order. The Supreme Court of Virginia agreed and remanded the matter on December 14, 2010, for another resentencing hearing. *Green v. Warden of the Wallens Ridge State Prison*, No. 100227 (Va. Dec. 14, 2010).

On June 28, 2011, the Circuit Court for the City of Petersburg conducted the first of two resentencing hearings. *See* Resp. Ex. 1, Affidavit of Wendy K. Brown, Manager of the Court and Legal Services Section for the Virginia Department of Corrections, ¶ 11; *Comm. of Va. v. Green*, CR98-004, CR98-005, CR98-0010-16 (Va. Cir. Ct. June 28, 2011). During the hearing, the Commonwealth and Green agreed that Green would not be resentenced on four out of the nine convictions. *Id.* Instead, the Court imposed Green's original sentence of 18 years for those four convictions, and considered his sentence for those convictions as fully served. *Id.* On September 12, 2011, the Circuit Court for the City of Petersburg sentenced Green to a total active sentence of twenty years on the five remaining convictions. *See* Resp. Ex. 1 at ¶ 12; *Comm. of Va. v. Green*, CR98-0011, CR98-0012, CR98-0014-16 (Va. Cir. Ct. Sept. 12, 2011). Green did not appeal to the Court of Appeals of Virginia, or to the Supreme Court of Virginia from the resentencing hearings held June 28, 2011 and September 12, 2011.

Green filed a petition for a writ of habeas corpus in the Supreme Court of Virginia asserting the same claims asserted in the present federal petition on May 18, 2012, which was refused on December 11, 2012. *Green v. Warden of the Wallens Ridge State Prison*, No. 120929 (Va. Dec. 11, 2012).

On February 19, 2013, Green filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. Green asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

4

>   (1) the Commonwealth lacked power and authority to give force and effect to mere guilty verdicts, not a part of the case, because the Commonwealth never reimposed four of the nine sentences vacated by the Supreme Court of Virginia;
>
>   (2) the reinstatement of the four previously vacated sentences after he had been returned to the Virginia Department of Corrections violated double jeopardy, due process, and equal protection guarantees of the U.S. Constitution;
>
>   (3) a vacated sentence must be reinstated in order to constitute a conviction to which jail time, and/or time served, could attach; and,
>
>   (4) under both the separation of powers doctrine and the due process guarantees of the U. S. Constitution, the Virginia Department of Corrections does not have the authority to give credit for time served to vacated sentences never reinstated.

ECF No. 1-3 at 1-3.  On June 17, 2013, Respondent filed a Rule 5 Answer and Motion to Dismiss.

ECF Nos. 9 and 10.  Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     Exhaustion**

In order for the Court to address the merits of this habeas petition, all of Petitioner's grounds must be exhausted.  *See* 28 U.S.C. § 2254(b) (2010).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be achieved either through direct appeal or in post-conviction proceedings.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  All of the grounds presented in this petition have been exhausted, because Green raised them in his most recent state habeas petition to

the Supreme Court of Virginia.

**B.     Procedural Default**

This Court can only address the merits of Green's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Green's Grounds (1), (2), and (3) are procedurally defaulted and may not be reviewed by this Court. Under Virginia law, where a petitioner fails to object before the trial judge, or raise an issue on direct appeal, they may not raise the issue in a state habeas petition. *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974). Green raised Grounds (1), (2), and (3) in his most recent habeas petition to the Supreme Court of Virginia, and the court denied the claims based on *Slayton v. Parrigan*. *Green v. Warden of the Wallens Ridge State Prison*, No. 120929, at *2-3 (Va. Dec. 11, 2012). The Fourth Circuit has held that the requirements established in *Slayton v. Parrigan* constitute an independent and adequate state procedural rule. *Fisher*, 163 F.3d at 844.

Moreover, Green has failed to show cause for the procedural default resulting in actual prejudice, or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.") Consequently, Green's Grounds (1), (2), and (3) are procedurally defaulted and cannot be considered by this Court.

**C.     Standard of Review - State Court Adjudicated Claim on the Merits**

Green's Ground (4) is properly exhausted and may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision. Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

On habeas review, the Supreme Court of Virginia denied and dismissed the claim raised in

Ground (4) of the current federal petition, stating

> The Court holds that claim (4) is without merit. The record, including the circuit court's orders, demonstrates that petitioner filed a "motion to prohibit reimposition of sentences for convictions on which the defendant has satisfied the sentences," and that pursuant to the agreement of both parties, the trial court found that four of petitioner's sentences had been fully served and that petitioner was not subject to being resentenced on those convictions. The four convictions were never vacated, either by the circuit court or by this Court. Furthermore, the record, including the affidavit of Wendy K. Brown, the Manager of the Court and Legal Services Section for the Virginia Department of Corrections, demonstrates that petitioner was properly credited with time served. Accordingly, the petition is dismissed.

*Green v. Warden*, Record No. 120929 at 4 (Dec. 11, 2012).

A review of the state court record reveals that on May 4, 2011, Green's counsel filed a Motion to Prohibit Reimposition of Sentences for Convictions on Which Defendant has Satisfied His Previous Sentences. *Comm. of Va. v. Green*, CR98-004, CR98-005, CR98-010 through 16 (Cir.Ct. Va. May 4, 2011). The motion asserts that as of June 28, 2011, Green had served nearly 14 years of actual incarceration. *Id.* ¶ 9. It further states that with good time credit, Green had completed sentences for the convictions for robbery (5 years CR98-004), use of a firearm (3 years CR98-005), and robbery (5 years CR98-010); and, had substantially completed his sentence for robbery (5 years CR98-011). *Id.* ¶ 10. Accordingly, the motion argues that the Double Jeopardy Clause of the United States Constitution prohibits reimposition of sentence on these charges, and requests that the court not resentence Green on these charges. *Id.* On June 29, 2011, the Commonwealth of Virginia responded to Green's motion, stating the Commonwealth "is not opposed to giving [Green] credit for the thirteen years already served. Whatever charges deemed as having not been already served should be placed before this Court or a jury for sentencing."

8

*Comm. of Va. v. Green*, CR98-004, CR98-005, CR98-010 through 16 (Cir.Ct. Va. June 29, 2011).

On July 11, 2011, the Circuit Court entered an Order stating,

> On [Green's] Motion to Prohibit Reimposition of Sentences for convictions on which the Defendant has satisfied the sentences, the parties reached an agreement as to which sentences have been completely served. In accordance with the agreement, the following active sentences have been fully served: . . . Thus, the Court affirms the agreement, grants the relief requested by [Green] in his Motion and holds that the above described sentences have been considered as being fully served and [Green] is not subject to being resentenced on these convictions.

*Comm. of Va. v. Green*, CR98-004, CR98-005, CR98-010 through 16 (Cir.Ct. Va. July 11, 2011). There is no indication in the record that the four convictions were vacated, as argued by Green.

The undersigned finds the state court did not contravene or unreasonably apply clearly established federal law or unreasonably interpret the facts in finding Green's claim was without merit. Consequently, the undersigned recommends that Ground (4) be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss (ECF No. 9) be GRANTED, and the petition for a writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED.

Grounds (1), (2), and (3) should be DENIED because they were procedurally defaulted in state court and Green has failed to show cause and prejudice excusing the default.

Ground (4) should be DENIED because the state court's dismissal of this claim neither (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

9

U.S.C. § 2254(d).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 3, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

George Junior Green, #1018973
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Craig W. Stallard, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

January 3, 2014